I respectfully dissent from the majority's decision to reverse former Deputy Commissioner Jones' Opinion and Award. The majority did not find plaintiff's testimony to be credible. However, the Deputy Commissioner, who was present at the hearing when plaintiff, the only witness at the hearing, testified and who reviewed all of the so-called inconsistent statements of plaintiff, specifically found plaintiff credible. Deputy Commissioner Jones found as facts that plaintiff had difficulty recalling dates, but that his testimony as to what transpired at the time of his injury had been consistent. I agree with Deputy Commissioner Jones and disagree with the majority that plaintiff gave five different accounts under oath of how the injury occurred.
First, the only sworn testimony given by plaintiff was at the hearing and in his answers to interrogatories. His version of the injury by accident was substantially consistent on both occasions. The Form 19 was prepared by the employer, not plaintiff. Plaintiff's account of the accident on the Form 18 and in the recorded statement is substantially the same as his testimony. At the hearing, plaintiff testified that he was finishing a joint in the ceiling while standing on a wooden bench with a step on each side. As he was reaching toward the ceiling, he lost his balance and went forward, catching himself against the wall but missing the step on the bench, injuring his right knee. His father, who was his employer, arrived on the job site shortly after the incident and observed the injured knee. Plaintiff reported the injury to his employer within an hour after it occurred, experienced pain and had limited activity during the weekend, and went to the doctor on the next business day. His injury was acute and needed immediate surgical intervention.
I do not believe that it is realistic to expect an injured worker to give exactly the same version of how an injury occurred every time he describes the incident. In this case plaintiff's accounts of the incident were substantially similar. In addition plaintiff was able to work with no problems until the incident occurred, reported the injury immediately to his supervisor, and sustained an acute injury that required immediate surgery. Based upon all of these factors, as well as the credibility determination of the Deputy Commissioner, I vote to affirm the Opinion and Award of the Deputy Commissioner and award continuing disability compensation to plaintiff.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER